**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Southern Division)**

|  |  |
|---|---|
| TROY BULLOCK, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 8:14-cv-03836-PJM |
| | : |
| OCWEN LOAN SERVICING, LLC, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3, and Homeward Residential, Inc. hereby move for summary judgment. The Defendants rely on the accompanying memorandum of law in support of their Motion.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  September 30, 2015

By: */s/ James R. Billings-Kang*
James R. Billings-Kang
Attorney No. 29826
BLANK ROME LLP
600 New Hampshire Avenue NW
Washington, DC 20037
(202) 772-5832
Fax: (202) 572-8431
JBillings-Kang@BlankRome.com

*Attorney for Defendants Ocwen Loan Servicing, LLC, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-*

*OPT3, Asset-Backed Certificates, Series 2006-OPT3, and Homeward Residential, Inc.*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    FACTUAL BACKGROUND.................................................................................2

III.   LEGAL STANDARD............................................................................................4

IV.   ARGUMENT .........................................................................................................5

V.    CONCLUSION......................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Chiropractic v. Trigon Healthcare*,
367 F.3d 212 (4th Cir. 2004) ...................................................................................2

*Anderson v. Burson*,
424 Md. 232 (Md. 2011) ..........................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ..................................................................................................4

*Barr v. Flagstar Bank, F.S.B.*,
No. RDB-13-2654, 2014 WL 4660799 (D. Md. Sept. 17, 2014) .........................6, 7

*Bradford v. HSBC Mortg. Corp.*,
829 F. Supp. 2d 340 (2011) ...................................................................................2, 5

*Doe v. Walker*,
746 F. Supp. 2d 667 (D. Md. 2010) ..........................................................................2

*Drewitt v. Pratt*,
999 F.2d 774 (4th Cir. 1993) .....................................................................................5

*Felty v. Graves-Humphreys Co.*,
818 F.2d 1126 (4th Cir. 1987) ..................................................................................5

*Le Brun v. Prossise*,
197 Md. 466 (1951) ................................................................................................6, 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ..................................................................................................4

*Ross v. Comm'ns Satellite Corp.*,
759 F.2d 355 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989)...................5

*Shin v. Shalala*,
166 F. Supp. 2d 373 (D. Md. 2001) ..........................................................................5

*Stone v. Univ. of Md. Med. Sys. Corp.*,
855 F.2d 167 (4th Cir. 1988) .....................................................................................4

*Svrcek v. Rosenberg*,
   203 Md. App. 705 (2012) ...................................................................................5, 7

*Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*,
   57 F.3d 1317, 1323 (4th Cir. 1995) ...........................................................................4

STATUTES

15 U.S.C. § 1640(e) ...................................................................................................5

15 U.S.C. § 1641(g) .................................................................................1, 2, 5, 6, 7

OTHER AUTHORITIES

Fed. R. Civ. Proc. 56........................................................................................ *passim*

Md. Code Ann., Com. Law § 9-203(g) & cmt. 9..........................................................7

Recording – Instrument Purporting to Effect an Assignment of a Deed of Trust May be Recorded
   – Validity of Such Instrument Question as a Matter of Law – Assignment of Mortgage
   Distinguished, 63 Op. Att'y Gen. Md. 87, 1978 Md. AG LEXIS 57 (1978) ...........................6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| TROY BULLOCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 8:14-cv-03836-PJM |
| | : | |
| OCWEN LOAN SERVICING, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. Proc. 56, Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 ("Deutsche Bank"), and Homeward Residential, Inc. ("Homeward") (collectively, the "Defendants") submit this memorandum of law in support of their Motion for Summary Judgment.

## I.    INTRODUCTION

On August 20, 2015, this Court granted-in-part the Defendants' motion to dismiss and dismissed all of Plaintiff's claims except for the Truth in Lending Act ("TILA") count.   ECF Nos. 33-34 (dismissing Plaintiff's claims for violations of the Fair Debt Collection Practices Act, Maryland Consumer Debt Collection Act, Maryland Consumer Protection Act, Real Estate Settlement Procedures Act ; conversion; and breach of contract).  The Court declined to dismiss the TILA count, stating that it had no evidence before it regarding when Deutsche Bank acquired the Plaintiff's mortgage loan.  ECF No. 33 at 6-7.  Under TILA, a creditor must disclose an assignment of a mortgage transfer in writing by

a certain date.  15 U.S.C. § 1641(g).  That requirement, though, applies only to loans transferred on or after May 20, 2009.  *See Bradford v. HSBC Morg. Corp.*, 829 F. Supp. 2d 340, 353 (E.D. Va. 2011) ("*Section 1641(g)* applies only to transfers prior to the May 20, 2009 effective date of the amendments to TILA that added it.") (emphasis in original) (citation omitted).  Here, the undisputed material facts show that Plaintiff's loan was among a number of loans securitized and transferred to Deutsche Bank pursuant to a pooling and servicing agreement (the "Pooling and Servicing Agreement") that closed on May 12, 2006.  Because the applicable TILA section did not come into effect until over three years later, Plaintiff's TILA claim must fail as a matter of law.

## II.    UNDISPUTED MATERIAL FACTS

This case involves real property commonly known as 13302 Williams Drive, Brandywine, Maryland, 20613 (the "Property").  Compl., ¶ 7.  Plaintiff refinanced two prior mortgage loans[1] by acquiring a $213,750.00 loan from Option One Mortgage Corporation on March 15, 2006.  The terms of the loan were memorialized in a note (the "Note").  Affidavit of Crystal Kearse of Ocwen Financial Corporation (hereinafter "Aff."), ¶ 5.[2]  The Note is identified by a loan number ending in 7991.  Aff., ¶ 7.

To secure the Note, Plaintiff executed and delivered a deed of trust, dated March 15, 2006, which was recorded among the Land Records of Prince George's County on October 27, 2006 at Liber 26288,

---

[1] "The Court may take judicial notice of matters of public record from sources . . . whose accuracy cannot be reasonably questioned."  *Doe v. Walker*, 746 F. Supp. 2d 667, 678 n.14 (D. Md. 2010).  This Court may consider documents that are integral to and explicitly relied on in the Complaint if their authenticity is not challenged.  *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004) (internal citation omitted).

[2] A true and correct copy of the Note is attached hereto as **Exhibit 1** of the Aff.

folio 701 *et seq.* (the "Deed of Trust").  Aff., ¶ 6.[3]   The Deed of Trust is identified by a loan number

ending in 7991.  Aff., ¶ 7.

Both the Note and Deed of Trust permitted the lender to sell the Note (and consequently the

Deed of Trust) without notifying the Plaintiff.  Ex. 1 at 1 ("I understand that the Lender may transfer the

Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments

under this Note is called the 'Note Holder.'"); Ex. 2, ¶ 19 ("The Note or a partial interest in the Note

(together with this Security Instrument) may be sold one or more times without prior notice to

Borrower.").

On or about May 12, 2006, Plaintiff's mortgage loan was securitized in a pool of loans, whereby

Deutsche Bank was designated as trustee of a securitized trust named Soundview 2006-OPT2.  Aff., ¶ 8.

Pursuant to the Pooling and Servicing Agreement dated May 1, 2006, the closing of the sale of loans

occurred on May 12, 2006.  Aff., ¶ 8.   The Pooling and Servicing Agreement is available online at

http://www.sec.gov/Archives/edgar/data/1359053/000088237706001941/d501480_ex4-1.htm.[4]   Aff., ¶

8.  The Pooling and Servicing Agreement defines the Custodian of the Pooling and Servicing Agreement

as Wells Fargo Bank, N.A. ("Wells Fargo").    Aff., ¶ 9.  As Custodian, Wells Fargo first received the

original Note on March 24, 2006.  Aff., ¶ 10.   The record demonstrates that Plaintiff's Note was

included among the pool of loans acquired by Deutsche Bank on or before May 12, 2006 and Deutsche

Bank has been in possession of the Note since March 24, 2006.  Aff., ¶ 11.

In anticipation of a foreclosure action, an assignment of the *Deed of Trust* was recorded in the

Land Records of Prince George's County, Maryland at Liber 35549, folio 344 *et seq.* (the

"Assignment").  ECF No. 11-4.  The Assignment, recorded on January 15, 2014, approximately one

---

[3] A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2** of the Aff.
[4] The Pooling and Servicing Agreement defines "Closing Date" as May 12, 2006.

month before the initiation of the foreclosure action, reflected that Sand Canyon Corporation f/k/a Option One Mortgage Corporation had assigned the *Deed of Trust* to Deutsche Bank.   After the completion of the foreclosure sale of the Property, the trustees of the Deed of Trust conveyed the Property to Deutsche Bank, pursuant to a Trustee's Deed dated April 10, 2015 and recorded among the Land Records of Prince George's County, Maryland on April 27, 2015 at Liber 36917, folio 411 *et seq.*

## III.   LEGAL STANDARD

Summary judgment is appropriate where the evidence in the record "show[s] that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" only if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over an issue of material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*; *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988).  For a question of fact to be "genuine," the party opposing summary judgment "must do more than simply show that there is some *metaphysical doubt* as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis added).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252 (citations omitted).

The Fourth Circuit has recognized that, while the Court must "draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion," nonetheless those inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture."  *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citations omitted).  Likewise, conclusory allegations or unsupported

4

speculation, without more, are insufficient to preclude the granting of a summary judgment motion.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989); *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).  Therefore, the Court must abide by its affirmative duty to prevent factually unsupported claims and defenses from going to trial.  *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

## IV.   ARGUMENT

As his first and only remaining count, Plaintiff asserts the Deutsche Bank failed to notify him that it had acquired the Note as required by TILA.  Compl., ¶ 37.  Plaintiff hinges his claim on the mistaken belief that TILA is triggered by the Assignment of the Deed of Trust.  *Id.*, ¶¶ 8, 17-18, 40-43. He mistakenly believes that, because the Assignment apparently assigned the *Deed of Trust* on December 30, 2013, Deutsche Bank should have notified Plaintiff of the assignment of the *Note*.  This is incorrect as a matter of law.

Section 131 of TILA requires that upon the transfer of a *mortgage loan* to a third-party assignee/owner, the new owner within 30 days of the transfer must notify the borrowers in writing of the transfer.  15 U.S.C. § 1641(g).  This statute went into effect on May 20, 2009 and has a one-year statute of limitations.  15 U.S.C. § 1640(e); *Bradford*, 829 F. Supp. 2d at 353.

What is relevant is not the timing of the assignment of the *mortgage* (*i.e.*, the Deed of Trust) but rather the negotiation and transfer of the *note*.  In fact, an assignment of the deed of trust is of "no consequence."  *Svrcek v. Rosenberg*, 203 Md. App. 705, 727 (2012).[5]  The *Svrcek* Court explained the consequence of an assignment as follows:

---

[5] As recognized by then-Attorney General Francis B. Burch and then-Assistant Attorney General

> This deed of trust secures a negotiable note, whoever may be the holder. The deed of trust need not and properly speaking cannot be assigned like a mortgage, *cf. Jones on Mortgages*, § 1222; *Glenn on Mortgages*, § 338, but the note can be transferred freely, and, when transferred, carries with it the security, if any, of the deed of trust, which was true of a mortgage note before the Act of 1892, ch. 392, amended by Acts of 1910, ch. 719, now section 26. *Demuth v. Old Town Bank, 85 Md. 315, 37 A. 266*. "The note and the mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

*Id.* Consequently, the Plaintiff is incorrect to conclude that the Assignment of the Deed of Trust necessarily meant the assignment of the Note.

In *Barr v. Flagstar Bank, F.S.B.*, No. RDB-13-2654, 2014 WL 4660799 (D. Md. Sept. 17, 2014), for example, this District Court held that TILA § 1641(g) is not triggered by the assignment of the Deed of Trust.[6]  Rather, under the plain language of the statute, it is the transfer of the underlying debt (*i.e.*, the Note) which triggers the TILA disclosure requirement.   In *Barr*, the borrowers made the same argument as Plaintiff, improperly asserting that a land record which purportedly assigned their deed of trust triggered TILA's disclosure obligation.   In thoroughly reviewing the federal statute, the *Barr* court held otherwise and explained that TILA is triggered upon the transfer of the mortgage loan or debt, <u>not</u> the instrument securing the debt. *Id.* at *3.[7]  The Court continued:

---

Frederick S. Koontz, in an April 18, 1978 opinion, *Le Brun v. Prosise* reflects the "uncontroverted law in Maryland to the effect that a deed of trust . . . need not be assigned. . . . [A]n assignment . . . should properly be viewed as superfluous as a matter of law and certainly unnecessary to secure any bona fide holder in due course of the promissory note.  It is patent that such an assignment is neither necessary nor even contemplated under Maryland law . . . ." Recording – Instrument Purporting to Effect an Assignment of a Deed of Trust May be Recorded – Validity of Such Instrument Question as a Matter of Law – Assignment of Mortgage Distinguished, 63 Op. Att'y Gen. Md. 87, 1978 Md. AG LEXIS 57, at *5 (1978).

[6] A copy of the opinion is available at ECF No. 11-9.

[7] Indeed, Maryland state courts have thoroughly emphasized the distinction between the debt and the instrument securing the debt. *Anderson v. Burson*, 424 Md. 232, 246 (Md. 2011) (holding that a deed of trust securing a negotiable promissory note "cannot be transferred like a mortgage; rather, the

> The Barrs allege only that Flagstar did not inform them of the assignment of the Deed of Trust. Such assignments do not trigger the disclosure condition of § 1641(g). Instead, § 1641(g) requires the assignment or transfer of at least the underlying debt. Although Plaintiffs argue for the merger of the debt and the security, the two concepts are distinct, both in theory and within the clear language of § 1641(g). Thus, Plaintiffs have not sufficiently stated a claim for relief under § 1641(g) of the Truth in Lending Act.

*Id.* at *5.

Here, the undisputed facts show that the transfer of the Note to Deutsche Bank occurred more than three years prior to the effective date of the TILA statute at issue.  Whereas Deutsche Bank acquired the Note on March 24, 2006 and obtained ownership of the Note pursuant to the closing of the Pooling and Servicing Agreement on May 12, 2006, the TILA provision, 15 U.S.C. § 1641(g), has an effective date of May 20, 2009.  Therefore, the TILA statute at issue is of no avail, and thus this Court should grant summary judgment to the Defendants as to Count I, thus necessitating the end of this litigation.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion for Summary Judgment be granted, and that they be awarded their reasonable attorney's fees and costs incurred in responding to the Complaint and filing this Motion.

---

corresponding note may be transferred, and carries with it the security provided by the deed of trust") (citing *Le Brun v. Prossise*, 197 Md. 466 (1951)).  Thus, once the note is transferred, "the right to enforce the deed of trust follow[s]." *Svrcek*, 203 Md. App. at 727; Md. Code Ann., Com. Law § 9-203(g) & cmt. 9 (codifying "the common-law rule that a transfer of an obligation secured by a security interest or other lien on . . . real property also transfers the security interest or lien.").  As a result, a recorded assignment is unnecessary. *Svrcek*, 203 Md. App. at 727 (because the enforcement of the Deed of Trust hinges on the transfer of the Note itself, the "assignment of the deed of trust . . . is of no consequence . . . .").

Respectfully submitted,

**BLANK ROME LLP**

Dated:  September 30, 2015          By:  _/s/ James R. Billings-Kang_
                                        James R. Billings-Kang
                                        Attorney No. 29826
                                        BLANK ROME LLP
                                        600 New Hampshire Avenue NW
                                        Washington, DC 20037
                                        (202) 772-5832
                                        Fax: (202) 572-8431
                                        JBillings-Kang@BlankRome.com

                                        *Attorneys for Defendants Ocwen Loan Servicing,
                                        LLC, Deutsche Bank National Trust Company, as
                                        Trustee for Soundview Home Loan Trust 2006-
                                        OPT3, Asset-Backed Certificates, Series 2006-
                                        OPT3, and Homeward Residential, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 30th day of September 2015 a true and correct copy of the foregoing Motion for Summary Judgment, supporting Memorandum of Law, and proposed Order were served electronically via the Court's CM/ECF system or first-class mail, postage prepaid, to the following:

Troy Bullock
7104 Sudley Avenue
Brandywine, MD  20613

<u>/s/ James R. Billings-Kang</u>
James Billings-Kang